# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY RYAN RENTERIA,<br><br>        Petitioner,<br><br>v.<br><br>WILLIAM GORE, et al.,<br><br>        Respondents. | Case No.: 18cv2823 WQH (KSC)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

  Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus and has paid the $5.00 filing fee. (ECF Nos. 1-2.) The Petition must be dismissed because it is clear that this Court is barred from consideration of his claims by the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971).

  Under *Younger*, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Id*. at 45-46; *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.") These concerns are particularly important in the habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot. *Sherwood v. Tompkins*, 716 F.2d 632, 634 (9th Cir. 1983).

/ / /

Absent extraordinary circumstances, abstention under *Younger* is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001). All three of these criteria are satisfied here. At the time Petitioner filed the instant Petition on December 14, 2018, he stated he was arrested on May 23, 2018, that he was illegally incarcerated and his sentence start date and projected release dates were unknown. (Pet., ECF No. 1 at 2.) He also stated that he has been "illegally held since May 2018 and [has] not been given a speedy and public trial." (*Id.* at 6.)[1] Thus Petitioner's criminal case is still ongoing in the state courts. Further, there is no question that the state criminal proceedings involve important state interests. Finally, Petitioner has failed to show that he has not been afforded an adequate opportunity to raise the federal issues on direct appeal. Petitioner offers nothing to support a contention that the state courts do not provide him an adequate opportunity to raise his claims, and this Court specifically rejects such an argument. Abstention is therefore required. *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) (*Younger* applies to state appellate proceedings as well as ongoing proceedings in state trial court); *see also Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.")

Because Petitioner has failed to demonstrate that extraordinary circumstances exist which would relieve this Court of its obligation to abstain from interfering with ongoing state criminal proceedings, his Petition is **DISMISSED** without prejudice. *Juidice v. Vail*, 430 U.S. 327, 337 (1977) (holding that if *Younger* abstention applies, a court may not retain jurisdiction but should dismiss the action.)

---

[1] A search of the website https://apps.sdsheriff.net/wij/WijAList.aspx indicates Petitioner has a future court date of January 25, 2019.

## CONCLUSION

For the foregoing reasons, the Petition is **DISMISSED** without prejudice because this Court must abstain from interfering with the ongoing state criminal proceedings pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).

**IT IS SO ORDERED.**

Dated: January 3, 2019

Hon. William Q. Hayes
United States District Court